# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMPART IC, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 24-643-JCG |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| EGG MEDICAL, INC., | ) |
| | ) |
| Defendant. | ) |

## EGG MEDICAL, INC.'S ANSWER AND COUNTERCLAIMS
## TO PLAINTIFF'S COMPLAINT

Defendant Egg Medical, Inc. ("Egg Medical") submits the following Answer and Counterclaims to Plaintiff's Complaint and asserts the following defenses:

## THE PARTIES

1. On information and belief, Egg Medical admits that Plaintiff Rampart IC, LLC ("Rampart") appears to be a limited liability company organized under the laws of Delaware with a principal place of business located at 1500 Urban Center Drive, Suite 140, Birmingham, Alabama 35242.

2. Egg Medical admits that it is a corporation organized under the laws of Delaware with its principal place of business located at 3758 Dunlap Street N, Arden Hills, Minnesota 55112.

## **JURISDICTION AND VENUE**

3. Paragraph 3 states legal conclusions to which no answer is required. To the extent an answer is required, Egg Medical admits that the Complaint purports to state a cause of action under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*

4. Paragraph 4 states legal conclusions to which no answer is required. To the extent an answer is required, Egg Medical admits that the Complaint purports to state a cause of action that would provide this Court with subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Paragraph 5 states legal conclusions to which no answer is required. To the extent an answer is required, Egg Medical admits that it is subject to personal jurisdiction in Delaware based on the claims made in the Complaint.

6. Paragraph 6 states legal conclusions to which no answer is required. To the extent an answer is required, Egg Medical admits that it is a corporation organized and existing under the laws of Delaware and that this judicial district is one proper venue for this action pursuant to 28 U.S.C. §§ 1391 and 1400(b). Egg Medical denies that this judicial district is the most convenient venue under 28 U.S.C. § 1404(a).

## BACKGROUND

7. Egg Medical admits that what is purported to be a correct copy of U.S. Patent No. 11,660,056 (the "'056 patent"), entitled "Swinging Shielding System for Use with a Radiation Source," is attached to the Complaint as Exhibit A. Egg Medical admits that the '056 patent issued on May 30, 2023. Egg Medical denies that the '056 patent was duly and legally issued.

8. Egg Medical denies that Rampart is entitled to recover for any past infringement of the '056 patent. Egg Medical is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies them.

9. Egg Medical admits that it had actual knowledge of the specification and issued claims of the '056 patent at least as of when it received a cease and desist from Rampart's outside counsel dated April 5, 2024, and when it received a subsequent letter enclosing Rampart's '056 patent, which was dated April 11, 2024. Egg Medical admits it received the first letter on letter on April 10, 2024. Egg Medical is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies them.

10. Admitted.

11. Admitted.

12. Admitted.

## INFRINGEMENT OF U.S. PATENT NO. 11,660,056

13. Egg Medical re-alleges and incorporates herein by reference its responses to Paragraphs 1-12 of the Complaint.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## RESPONSES TO PRAYER FOR RELIEF

Rampart's Prayer for Relief sets forth its requested relief and does not require a response. However, to the extent that the Prayer for Relief may be construed to contain allegations of fact, Egg Medical denies every such allegation. Egg Medical further denies that Rampart is entitled to any of the relief sought in its Complaint.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming a burden of proof that would otherwise lie with Rampart, Egg Medical alleges and asserts the following defenses in response to the Complaint:

### FIRST DEFENSE – NON-INFRINGEMENT

Egg Medical has not infringed and is not infringing any valid and enforceable claim of the '056 patent. Egg Medical does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or

4

imported into the United States any products that infringe any valid, enforceable claim of the '056 patent, either literally or under the doctrine of equivalents.

## SECOND DEFENSE – INVALIDITY AND UNENFORCEABILITY

On information and belief, all claims in the '056 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112, and any other judicially created requirements for patentability and enforceability of patents and defenses recognized in 35 U.S.C. § 282.

## THIRD DEFENSE – FAILURE TO STATE A CLAIM

Rampart's Complaint fails to state a claim against Egg Medical upon which relief can be granted.

## FOURTH DEFENSE – NO DAMAGES

Rampart has not suffered and will not suffer any injury or damages because of the alleged conduct by Egg Medical, and Rampart is not entitled to any damages under 35 U.S.C. § 284.

## FIFTH DEFENSE – NO INJUNCTIVE RELIEF

Rampart is not entitled to injunctive relief because the allegations in its Complaint are without merit. Further, any alleged injury to Rampart is not immediate or irreparable, Rampart has an adequate remedy at law, the public interest

would be disserved by an injunction, and the balance of equities does not favor Rampart.

### SIXTH DEFENSE – NO COSTS AND EXPENSES

Rampart is not entitled to an award of its "costs and expenses" in this action.

### RIGHT TO AMEND DEFENSES

Egg Medical reserves the right to amend its Answer and assert additional defenses based on facts and information revealed in the future through discovery or otherwise learned by Egg Medical following the filing of this Answer.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff Egg Medical, Inc. ("Egg Medical") asserts the following counterclaims against Plaintiff and Counterclaim-Defendant Rampart IC, LLC:

### THE PARTIES

1. Egg Medical is a corporation organized under the laws of Delaware with its principal place of business at 3758 Dunlap Street N, Arden Hills, Minnesota 55112.

2. On information and belief, Rampart is a limited liability company organized under the laws of Delaware with its principal place of business at 1500 Urban Center Drive, Suite 140, Birmingham, Alabama 35242.

## JURISDICTION AND VENUE

3. Egg Medical's counterclaims arise under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

4. This Court has subject matter jurisdiction over Egg Medical's counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. This Court has personal jurisdiction over Rampart because, on information and belief, Rampart is a limited liability company organized under the laws of Delaware with a registered agent in Delaware and because Rampart has submitted itself to this Court's jurisdiction by filing its Complaint in this Court.

6. This judicial district is one proper venue for this action based on the choice of forum by Rampart in its Complaint and pursuant to 28 U.S.C. § 1391(b)-(c). Egg Medical denies that this judicial district is the most convenient venue under 28 U.S.C. § 1404(a).

7. Based on Rampart's filing of its Complaint, an actual, substantial, and continuing justiciable controversy exists between Egg Medical and Rampart regarding the validity, enforceability, and infringement of the patent asserted in Rampart's Complaint.

## FACTUAL ALLEGATIONS

8. Egg Medical is a cutting-edge medical device company focused on products that reduce the scatter radiation exposure of physicians, surgeons, nurses, technicians, and others who use x-ray imaging to perform live-saving diagnostic and therapeutic procedures for patients.

9. Rampart purports to be the owner of the entire right, title, and interest in and to U.S. Patent No. 11,660,056 (the "'056 patent"), entitled "Swinging Shielding System for Use with a Radiation Source."

10. Independent claims 1, 10, and 22 of the '056 patent each claim a "radiation shield assembly." The claimed assembly comprises "(a) a first generally vertical shield supported by a support member; and (b) a second generally vertical shield supported by the support member." The independent claims further require that "the first and the second generally vertical shields can be rotated relative to one another about an axis approximately parallel to a longitudinal axis of the support member."

11. Rampart has accused Egg Medical of infringing at least claim 1 of the '056 patent. Rampart specifically accuses Egg Medical's "EggNest Complete" product. Egg Medical denies that it infringes any valid and enforceable claim of the '056 patent.

8

## COUNTERCLAIM I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '056 PATENT

12. Egg Medical re-alleges and incorporates herein by reference the allegations in each of the preceding paragraphs of its Counterclaims.

13. Egg Medical has not and does not infringe any valid and enforceable claim of the '056 patent, either literally or under the doctrine of equivalents. At a minimum, the EggNest Complete does not infringe because it does not have the claimed "support member" nor does it meet the claimed limitation that "the first and the second generally vertical shields can be rotated relative to one another about an axis approximately parallel to a longitudinal axis of the support member."

14. An actual controversy exists between Egg Medical and Rampart regarding the infringement of the '056 patent.

15. Egg Medical is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, either literally or under the doctrine of equivalents, any claim of the '056 patent.

## COUNTERCLAIM II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '056 PATENT

16. Egg Medical re-alleges and incorporates herein by reference the allegations in each of the preceding paragraphs of its Counterclaims.

9

17. One or more claims of the '056 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 102, 103, 112, and/or 282.

18. For example, and not by way of limitation, one or more claims of the '056 patent are invalid under 35 U.S.C. §§ 102 and/or 103 because a person of ordinary skill in the art would have been motivated, and would have had a reasonable expectation of success, to arrive at the alleged invention disclosed in the claims of the '056 patent, including in view of one or more of at least (but not limited to) the following prior art references: U.S. Patent No. 5,981,964; U.S. Patent No. 7,465,947; U.S. Patent No. 8,716,687; U.S. Patent No. 11,045,155; U.S. Patent Pub. No. 2011/0174997; U.S. Patent Pub. No. 2014/0048730; JP 2001-120543A; KR 101081895; AADCO Medical, Inc. "Overhead Barriers" obtained from world wide web Dec. 29, 2016; http://www.aadcomed.com/products/barriers_shields/overhead_barriers; Kenex Co. "Overhead ceiling mounted shield 350" obtained from world wide web Dec. 29, 2016; http://kenex.co.uk/products/x-ray-shielding/overhead-suspended-shields-lamps/overhead. Egg Medical reserves the right to assert additional invalidity defenses and prior art references in its contentions, responses to discovery, or pleadings filed later in this action.

19. There is no objective evidence of non-obviousness of the claims of the '056 patent; nor would any evidence, should it exist, have the required nexus to the

10

alleged invention of the '056 patent or outweigh the evidence in support of obviousness.

20. By way of further example, and not by way of limitation, one or more claims of the '056 patent are also invalid under 35 U.S.C. § 112 for (1) failing to comply with the "written description" requirement; (2) failing to comply with the "enablement" requirement; and/or (3) failing to comply with the "definiteness" requirement. The '056 patent claims do not satisfy the written description requirement at least because the specification fails to describe what is claimed with sufficient detail such that those of ordinary skill in the art as relevant to the '056 patent can conclude that the inventors were in possession of the claimed invention as of the filing date. The '056 patent claims fail to satisfy the enablement requirement at least because the specification does not teach those of ordinary skill in the art as relevant to the '056 patent how to make and how to use the full scope of the claimed invention without undue experimentation. The '056 patent claims do not satisfy the definiteness requirement at least because those of ordinary skill in the art as relevant to the '056 patent would not understand the full scope of the '056 patent claims with reasonable certainty when read in light of the specification

21. An actual controversy exists regarding the validity of the '056 patent.

22. Egg Medical is entitled to a declaration that the claims of the '056 patent are invalid.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Egg Medical demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Egg Medical respectfully requests judgment and relief in its favor against Rampart as follows:

A. Judgment in favor of Egg Medical and denying all relief requested by Rampart in this action, including dismissal of Rampart's Complaint for patent infringement with prejudice;

B. Judgment declaring that Egg Medical has not infringed any valid claim of the '056 patent;

C. Judgment declaring that the claims of the '056 patent are invalid;

D. Judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Egg Medical its costs, expenses, and reasonable attorneys' fees;

E. Such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ David E. Moore*  |
|  | David E. Moore (#3983) |
| Grant D. Fairbairn | Bindu A. Palapura (#5730) |
| Barbara Marchevsky | Andrew L. Brown (#6766) |
| FREDRIKSON & BYRON, P.A. | Hercules Plaza, 6th Floor |
| 60 South Sixth Street, Suite 1500 | 1313 N. Market Street |
| Minneapolis, MN  55402-4400 | Wilmington, DE  19801 |
| Tel: (612) 492-7000 | Tel:  (302) 984-6000 |
|  | dmoore@potteranderson.com |
|  | bpalapura@potteranderson.com |
|  | abrown@potteranderson.com |
| Dated:  July 22, 2024 | *Attorneys for Defendant Egg Medical, Inc.* |
| 11664162 / 24184.00001 |  |

13