# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAMPART IC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 24-643-JCG |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| EGG MEDICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## EGG MEDICAL, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(A)

OF COUNSEL:

Grant D. Fairbairn
Barbara Marchevsky
FREDRIKSON & BYRON, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN 55402-4400
Tel: (612) 492-7000


Dated: September 4, 2024
11722195 / 24184.00001

David E. Moore (#3983)
Bindu A. Palapura (#5730)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant Egg Medical, Inc.*

## <u>TABLE OF CONTENTS</u>

Page

INTRODUCTION ................................................................................................1

ARGUMENT ......................................................................................................1

    I.     THIS SUIT COULD BE BROUGHT IN MINNESOTA....................1

    II.    THE *JUMARA* FACTORS STRONGLY FAVOR
           TRANSFERRING THIS CASE TO MINNESOTA. ...........................1

          1.     Plaintiff's Forum Preference .............................................1

          2.     Defendant's Forum Preference ..........................................3

          3.     Where the Claim Arose .....................................................4

          4.     Convenience of the Parties ................................................5

          5.     Convenience of Non-Party Witnesses ...............................6

          6.     Location of Books and Records ........................................7

          7.     Enforceability of the Judgment ........................................8

          8.     Practical Considerations ....................................................8

          9.     Relative Administrative Difficulty ...................................9

          10.    Local Interest ..................................................................10

          11.    Public Policies of the Fora.............................................10

          12.    Familiarity with State Law in Diversity Cases..............10

    III.    SUMMARY OF *JUMARA* FACTORS.............................................11

CONCLUSION ................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen Med. Sys., Inc. v. Mizuho Orthopedic Sys., Inc.*,
   C.A. No. 21-1739-CFC, 2022 WL 1046258 (D. Del. Apr. 7, 2022)......3, 7, 8, 10

*Express Mobile, Inc. v. Web.com Grp., Inc.*,
   C.A. No. 19-1936-RGA, 2020 WL 3971776 (D. Del. July 14, 2020) ...1, 2, 5, 12

*GE Healthcare Bio-Sciences AB v. Bio-Rad Labs., Inc.*,
   C.A. No. 18-1899-CFC, 2019 WL 1985183 (D. Del. May 6, 2019) ...................2

*Gen. Sci. Corp. v. Den-Mat Holdings, LLC*,
   C.A. No. 21-882-CFC, 2021 WL 4622548 (D. Del. Oct. 7, 2021) ..............3, 5, 6

*Good Tech. Corp. v. MobileIron, Inc.*,
   C.A. No. 14-1308-LPS-CJB, 2015 WL 1458091 (D. Del. Mar. 27, 2015)..........3

*Husqvarna AB v. Toro Co.*,
   C.A. No. 15-856-SLR-SRF, 2016 WL 4257764 (D. Del Aug. 11, 2016)........3, 7

*Intell. Ventures I LLC v. Altera Corp.*,
   842 F. Supp. 2d 744 (D. Del. 2012)................................................................. 6-7

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ........................................................................*passim*

*In re Link_A_Media Devices Corp.*,
   662 F.3d 1221 (Fed. Cir. 2011) ......................................................................12

*Pers. Genomics Taiwan Inc. v. Pac. Biosciences of Cal. Inc.*,
   C.A. No. 19-1810-GBW, 2024 WL 3043329 (D. Del. June 18, 2024).........9, 10

*Ricoh Co. v. Honeywell, Inc.*,
   817 F. Supp. 473 (D.N.J. 1993) ........................................................................6

*Shutte v. Armco Steel Corp.*,
   431 F.2d 22 (3d Cir. 1970) ................................................................................2

*Take2 Techs. Ltd. v. Pac. Biosciences of Cal., Inc.*,
   C.A. No. 22-1595-WCB, 2023 WL 4930359 (D. Del. Aug. 2, 2023) .........10, 12

*Ultravision Techs., LLC v. RMG Networks Holding Corp.*,
    C.A. No. 18-1333-CFC, 2019 WL 1985110 (D. Del. May 6, 2019) .........5, 6, 12

*Williamson v. Google, Inc.*,
    C.A. No. 14-216-GMS, 2015 WL 13311284 (D. Del. Mar. 2, 2015) .................6

**Statutes**

28 U.S.C. § 1404(a) ...................................................................................................1

## INTRODUCTION

The facts in this transfer analysis are not in dispute.  It is undisputed that Rampart and Egg Medical have **no connection** to Delaware other than their organization under Delaware's laws.  Rampart does not dispute that litigating this matter in Minnesota would be more convenient for Egg Medical than litigating in Delaware.  Nor does Rampart dispute that more *Jumara* factors favor transfer than weigh against transfer, even if Rampart disputes how exactly to weigh each factor. These facts, considered with the factors discussed below, strongly support transferring this case from Delaware to Minnesota.

## ARGUMENT

### I.     THIS SUIT COULD BE BROUGHT IN MINNESOTA.

The parties agree that the first prong of Section 1404(a) is satisfied.

### II.    THE *JUMARA* FACTORS STRONGLY FAVOR TRANSFERRING THIS CASE TO MINNESOTA.

#### 1.     Plaintiff's Forum Preference

Egg Medical acknowledges that a plaintiff's forum choice is a weighty consideration that should not be discounted.  Nevertheless, that choice "does not carry the same weight" where the plaintiff has no place of business or witnesses in Delaware.  *Express Mobile, Inc. v. Web.com Grp., Inc.*, C.A. No. 19-1936-RGA, 2020 WL 3971776, at *5 (D. Del. July 14, 2020).

Rampart argues that this factor is entitled to paramount consideration and quotes from a decision by Chief Judge Connolly applying Third Circuit precedent. *GE Healthcare Bio-Sciences AB v. Bio-Rad Labs., Inc.*, C.A. No. 18-1899-CFC, 2019 WL 1985183, at *3 (D. Del. May 6, 2019) (analyzing *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970)).  Chief Judge Connolly went on to recognize that the first factor is not dispositive and may give way when other factors favor transfer.  *See id.* at *4 (acknowledging that a defendant seeking transfer "when neither the plaintiff nor the facts . . . have any connection to the selected forum will generally have less difficulty in meeting its burden to establish that the *Jumara* factors weigh strongly in favor of transfer").

That is the situation here.  When a plaintiff's principal place of business is outside Delaware, "a plaintiff's choice will still be the most important factor, [but] it will not dominate the balancing to the same extent as it otherwise might." *Express Mobile, Inc.*, 2020 WL 3971776, at *2.  Put simply, "[a] party's state of incorporation cannot be a dispositive fact in the venue transfer analysis." *Id.* at *5. Otherwise, the other factors would be superfluous anytime a plaintiff sued in its state of incorporation.  While this factor weighs against transfer, it is not dispositive.

### 2.    Defendant's Forum Preference

Egg Medical prefers this case to be heard in Minnesota where it is headquartered, where most of its party witnesses reside, and where all its records and physical evidence are located.  Rampart disputes none of these facts.  Rampart instead argues that Egg Medical has "conflate[d]" its preference of forum with other factors in the transfer analysis.  (Opposition Br. at 7).  Yet Egg Medical need only identify "rational, legitimate reasons to support [its forum] preference." *Good Tech. Corp. v. MobileIron, Inc.*, C.A. No. 14-1308-LPS-CJB, 2015 WL 1458091, at *4 (D. Del. Mar. 27, 2015).  Egg Medical has done so here.  *See id.* (weighing similar facts in favor of transfer).  Factor 2 favors transfer even where a defendant is incorporated in Delaware.  *See, e.g.*, *Allen Med. Sys., Inc. v. Mizuho Orthopedic Sys., Inc.*, C.A. No. 21-1739-CFC, 2022 WL 1046258, at *3 (D. Del. Apr. 7, 2022) (holding Factor 2 favors transfer even where defendant was a Delaware corporation); *Gen. Sci. Corp. v. Den-Mat Holdings, LLC*, C.A. No. 21-882-CFC, 2021 WL 4622548, at *2 (D. Del. Oct. 7, 2021) (same as to a Delaware LLC).

Rampart does not address this authority.  Instead, it cites *Husqvarna AB v. Toro Co.*, where the defendant sold its product in Delaware.  C.A. No. 15-856-SLR-SRF, 2016 WL 4257764, at *3 (D. Del Aug. 11, 2016).  Here, the opposite is true—Egg Medical has not sold the EggNest Complete in Delaware.  (*See* Declaration of Dr. Robert F. Wilson ("Wilson Decl."), ¶ 19).

Rampart further attempts to muddy the waters by asserting that "Egg Medical does not state whether it has ***offered*** the product for sale in Delaware or whether anyone has ***used*** the products in Delaware[.]" (Opposition Br. at 8 n.2 (emphasis in original)). To the contrary, Egg Medical's founder and CEO declared that "Egg Medical [] has not offered the product for sale to any entity located in Delaware. (Wilson Decl., ¶ 19). Moreover, Rampart's question of "whether anyone has used the products in Delaware" is legally irrelevant because Rampart has not brought a claim of indirect infringement against Egg Medical. (*See* D.I. 1, ¶¶ 13–17). Because Rampart only accuses Egg Medical of direct infringement, the relevant inquiry is whether Egg Medical has used the EggNest Complete in Delaware. It has not; Egg Medical has not sold, offered for sale, marketed, or shown the EggNest Complete at trade shows in Delaware, nor does it have any locations or employees in the state to "use" the product there. (Wilson Decl., ¶¶ 6, 10, 19). This factor favors transfer.

### 3.    Where the Claim Arose

Rampart does not dispute that the claim arose in Minnesota. (*See* Opposition Br. at 9). Nor does Rampart contend that any infringing conduct occurred in Delaware. Rampart instead quibbles about whether this factor is "neutral" or "only slightly favors transfer" (*id.*), all while ignoring the cases cited by Egg Medical showing that this Court has found similar facts to favor transfer.

*See, e.g.*, *Gen. Sci. Corp.*, 2021 WL 4622548, at *4 (granting transfer where defendant "designed and developed the accused products" in the alternative forum and elsewhere "outside of Delaware," and it "has not sold any accused products in Delaware"); *Ultravision Techs., LLC v. RMG Networks Holding Corp.*, C.A. No. 18-1333-CFC, 2019 WL 1985110, at *2 (D. Del. May 6, 2019) (same).  This factor favors transfer.

### 4.    Convenience of the Parties

The parties' locations and the "logistical and operational costs to the parties' employees in traveling to Delaware . . . for litigation purposes" favors transfer here.  *Express Mobile*, 2020 WL 2971776, at *2.  Rampart does not deny that Minnesota is a more convenient forum for Egg Medical.

Nonetheless, Rampart suggests that Egg Medical cannot claim inconvenience because it "chose to incorporate in Delaware" and the parties can take discovery at "convenient" locations.  (Opposition Br. at 10-11).  Yet this Court has repeatedly found this factor favors transfer even where both parties were incorporated in Delaware and those parties could likewise take discovery anywhere.  *See, e.g.*, *Express Mobile*, 2020 WL 3971776, at *1; *Ultravision Techs.*, 2019 WL 1985110, at *2.  In *Ultravision*, for example, Factor 2 favored transfer despite the parties' Delaware incorporation because it was "at least marginally more convenient" for the defendant to produce witnesses and documents in the

5

alternative forum, and the two forums were "equally convenient" for plaintiff. 2019 WL 1985110, at *2.

Rampart ignores that transferring the case from Delaware to Minnesota would eliminate the need for Egg Medical's employees to travel to Delaware. This savings outweighs a slightly longer travel time for Rampart's employees, who "will be required to travel regardless." *Williamson v. Google, Inc*., C.A. No. 14-216-GMS, 2015 WL 13311284, at *4-5 (D. Del. Mar. 2, 2015) (transferring Delaware case to California despite longer travel times for New York-based plaintiff); *see also Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 484 n.24 (D.N.J. 1993) (transferring case to Minnesota despite lack of non-stop flights for Japanese plaintiff to Minnesota). This factor favors transfer.

### 5.    Convenience of Non-Party Witnesses

The undisputed record shows that there is a non-party witness in Minnesota that is outside this Court's subpoena power. (Opening Br. at 13). This Court has found that this factor favors transfer under similar circumstances, without requiring a showing that the witness will be unwilling to appear for trial at some unknown future date. *See, e.g.*, *Gen. Sci. Corp.*, 2021 WL 4622548, at *3 (favoring transfer and rejecting plaintiff's arguments that a witness's unavailability was speculative). Rampart's own cited caselaw suggests that the existence of non-party witnesses outside the forum favors transfer. *See Intell. Ventures I LLC v. Altera Corp.*, 842

F. Supp. 2d 744, 758 (D. Del. 2012) ("On the whole, the convenience to the witnesses favor transfer, but the Court will give this factor little weight.").  Thus, this factor favors transfer.

### 6.    Location of Books and Records

Rampart does not dispute that Egg Medical's relevant documents and physical evidence are located in Minnesota, including bulky radiation shielding systems.  Rampart instead contends that "recent technological advances have reduced the weight of this factor."  (Opposition Br. at 15 (quoting *Husqvarna*, 2016 WL 4257764, at *7)).

Yet in *Husqvarna*, the defendant claimed that it was more convenient to transport "physical lawnmowers and prototypes" from its Minnesota headquarters to court in Minnesota than in Delaware.  2016 WL 4257764, at *7.  The court rejected that argument because defendant did not "present any logical reason why mowers cannot be transported from a storage facility in Delaware, ***given the fact that mowers are regularly shipped to Delaware for sale***."  *Id.*  (emphasis added).  By contrast, Egg Medical has not sold the EggNest Complete in Delaware or even shown the product at a trade show in Delaware.  (*See* Wilson Decl., ¶¶ 16, 19).

The facts here are more analogous to *Allen Medical Systems*, 2022 WL 1046258.  In *Allen*, Chief Judge Connolly concluded that the location of documents and evidence in California—"including the 'bulky surgical tables'"—

favored transfer to California given the greater difficulty and expense of transporting the tables to Delaware, even when those tables could also theoretically be shipped around the country. *See id.* at *3.

This Court should follow *Allen* and find that this factor favors transfer.

### 7.    Enforceability of the Judgment

The parties agree this factor is neutral.

### 8.    Practical Considerations

Without disputing any underlying evidence, Rampart argues that Egg Medical improperly relies on facts such as location of party witnesses, evidence, and the parties' respective states of incorporation in its analysis of this factor. (Opposition Br. at 16). However, this Court is tasked with evaluating the practical considerations "that could make ***trial*** easy, expeditious, or inexpensive," which necessarily involves consideration of those very facts. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (emphasis added).

Rampart does not dispute that trial would be significantly easier, expeditious, and less expensive for Egg Medical in Minnesota. Rampart theorizes instead that the parties could utilize alternative methods of presenting trial testimony and physical evidence, without explaining how such methods would be more practical than in-person witness testimony or product examination. In addition, Rampart overlooks the cases cited by Egg Medical holding that, when

both parties lack any connection to Delaware aside from incorporation status, this factor favors transfer.  (Opening Br. at 16 (citing cases)).  Accordingly, Factor 8 favors transfer.

### 9.  Relative Administrative Difficulty

It is undisputed that Delaware has fewer sitting judges and hundreds more pending patent cases than Minnesota, resulting in court congestion.  Compared to Minnesota, Delaware currently has over ***34 times*** the number of open patent cases to be handled by ***8 fewer*** active sitting district judges.  (*See* Opening Br. at 17). Rampart argues that such data are "of no moment" because the action is pending before "Judge Choe-Groves who is sitting by designation."  (Opposition Br. at 17).

However, this factor analyzes the relative administrative difficulty on ***the forum district***, not the individual judge, hearing the case.  *See Pers. Genomics Taiwan Inc. v. Pac. Biosciences of Cal. Inc.*, C.A. No. 19-1810-GBW, 2024 WL 3043329, at *1 (D. Del. June 18, 2024) ("[9] the relative administrative difficulty in the two fora resulting from court congestion …").  If Judge Choe-Groves were not presiding over this case, she presumably could be assigned to a different case which would, in turn, ease the administrative difficulty on this District.  Because Minnesota has more judicial resources available and is less congested than Delaware, it strains credulity to argue that this factor "should be weighed heavily

against transfer." (Opposition Br. at 17). This factor favors transfer. *Allen Med. Sys.*, 2022 WL 1046258, at *3.

### 10.    Local Interest

The parties agree this factor is neutral.

### 11.    Public Policies of the Fora

Rampart asserts that this factor "weighs slightly against transfer" because Delaware public policy encourages its corporate citizens to resolve their disputes in Delaware. (Opposition Br. at 18). Yet, as explained in Egg Medical's brief and in more recent decisions from this Court, this public policy factor is generally applied to the use of Delaware's state courts to resolve disputes about Delaware law, and is weighed neutrally when applied in the context of federal patent law. *See, e.g.*, *Pers. Genomics*, 2024 WL 3043329, at *5 ("This factor is neutral, as there is no reason to believe that states would apply differing public policy considerations in the application of federal patent law."); *Take2 Techs. Ltd. v. Pac. Biosciences of Cal., Inc.*, C.A. No. 22-1595-WCB, 2023 WL 4930359, at *10 (D. Del. Aug. 2, 2023) (Bryson, J., sitting by designation) (same). Rampart fails to articulate any principled reason why Delaware public policy should apply, especially where the parties' incorporation status is their only connection to Delaware. This factor is neutral.

### 12.    Familiarity with State Law in Diversity Cases

The parties agree this factor is neutral.

## III.    SUMMARY OF *JUMARA* FACTORS

As represented below, seven factors favor transfer, four are neutral, and only one factor weighs against transfer:

| *Jumara* Factor | Delaware | Minnesota | Neutral |
|---|:---:|:---:|:---:|
| 1.  Plaintiff's Preference | ✔ | | |
| 2.  Defendant's Preference | | ✔ | |
| 3.  Where the Claim Arose | | ✔ | |
| 4.  Convenience to Parties | | ✔ | |
| 5.  Convenience to Non-Parties | | ✔ | |
| 6.  Location of Books and Records | | ✔ | |
| 7.  Enforceability of Judgment | | | ✔ |
| 8.  Practical Considerations | | ✔ | |
| 9.  Relative Administrative Difficulty | | ✔ | |
| 10.  Local Interest | | | ✔ |
| 11.  Public Policies of the Fora | | | ✔ |
| 12.  Familiarity with State Law | | | ✔ |

Rampart's emphasis of two facts—its forum choice and both party's organization under Delaware law—is not enough to preclude transfer in this case

where the parties and the facts lack any other connection to Delaware. If it were, the other *Jumara* factors would be rendered meaningless. The Federal Circuit's *Link_A_Media* decision, while not controlling, provides a relevant example counseling against overreliance on these two facts. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223-24 (Fed. Cir. 2011); *Take2 Techs.*, 2023 WL 4930359, at *4, 7 (citing as persuasive the *Link_A_Media* analysis); *Express Mobile*, 2020 WL 3971776, at *5 (considering *Link_A_Media* "a relevant data point").

Even taking Factors 4 and 5 as neutral, as Rampart proposes, there would still be five factors favoring transfer versus one against. Faced with analogous facts, courts in this District have granted transfer motions. *See, e.g.*, *Express Mobile*, 2020 WL 3971776, at *5 (granting transfer motion where five factors favored transfer and one factor weighed against transfer); *Ultravision Techs.*, 2019 WL 1985110, at *2 (holding that the *Jumara* factors "weigh[ed] strongly in favor of transfer" where six factors favored transfer and two weighed against).

## <u>CONCLUSION</u>

Because the *Jumara* factors strongly favor transfer, Egg Medical respectfully requests that the Court transfer this case to the District of Minnesota.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By:  */s/ Bindu A. Palapura*

    David E. Moore (#3983)

Grant D. Fairbairn

    Bindu A. Palapura (#5730)

Barbara Marchevsky

    Andrew L. Brown (#6766)

FREDRIKSON & BYRON, P.A.

    Hercules Plaza, 6th Floor

60 South 6th Street, Suite 1500

    1313 N. Market Street

Minneapolis, MN  55402-4400

    Wilmington, DE  19801

Tel: (612) 492-7000

    Tel:  (302) 984-6000

    dmoore@potteranderson.com

    bpalapura@potteranderson.com

    abrown@potteranderson.com

Dated:  September 4, 2024

*Attorneys for Defendant Egg Medical,*

11722195 / 24184.00001

*Inc.*

13